## Commonwealth v. Brenner

*K. L. Shirk*, for Commonwealth.

*Windolph & Mueller*, for defendant.

ATLEE, P. J., May 23, 1937.—The question raised by this proceeding is unusual. In a desertion action by the Commonwealth of Pennsylvania against Burton Brenner, on July 24, 1936, the said Burton Brenner was ordered to pay his wife, Lena Brenner, for her support the sum of $3 per week. On April 9, 1937, the said Lena Brenner presented to the Court of Quarter Sessions of· Lancaster County her petition averring that defendant, on April 9, 1937, was in arrears for eight weeks at $3 per week, to the amount of $24, on the support order mentioned, and requesting the issuance of an attachment to attach the body of the said Burton Brenner for contempt in not making the payments set forth in the order. As set forth above, the support order was entered July 24, 1936, and thereafter the Community Discount Company of Lancaster entered a judgment in the sum of $195.60 to January term, 1937, no. 176, against the said Burton Brenner and Lena Brenner. On February 20, 1937, an attachment execution was issued on the said judgment and Burton Brenner was summoned as garnishee. After the service of the attachment execution, Burton Brenner stopped paying the support order of $3 per week to his wife. Defendant appeared in court in response to a letter from the district attorney, written in lieu of an attachment for contempt. In court defendant gave as his reason for his failure to pay his wife the fact that the attachment execution

issued by the Community Discount Company wherein he was summoned as garnishee had been served upon him, whereupon the case was ordered on the argument list for the purpose of determining whether the reason given by defendant was a valid one. If the attachment execution stands, defendant would be bound to pay to the Community Discount Company the sum of $3 per week. If the attachment execution was not effective defendant would have to pay his wife. Unquestionably, defendant would not have to pay both his wife and the Community Discount Company the weekly amount of $3. The question raised by this proceeding is: Where an order of support is entered in the quarter sessions court, may a creditor of the wife sustain an attachment execution and collect the amount of the weekly payment ordered for the wife's support?

Counsel for the Community Discount Company admit that after a careful search they have not been able to find any case which is directly in point, or which deals with the question now before the court, but cite in support of their present contention the case of Scheffer v. Boy, 5 Pa. C. C. 158. This case is a decision by Simonton, P. J., of Dauphin County, in which alimony due to one Elizabeth A. Boy from her divorced husband, James Boy, was permitted to be attached on an attachment execution issued by a creditor of the said wife. Judge Simonton said:

"No case was cited and no principle was stated upon the authority or reason of which we could hold that the attachment would not lie in this case, nor have we been able to discover or think of any. The obligation of the garnishee to the defendant is in the nature of a debt of record. The amount is certain, the terms of payment are fixed, and it is due by judgment or decree of the court."

Judge Simonton therefore found that the sums due were the subject of garnishment and entered judgment in favor of plaintiff, the claimant, and against James Boy, the garnishee, for the sum due by the wife to her creditor. Manifestly this is not the present case.

In the case of Commonwealth, to use, v. Lefever, 4 D. & C. 665, opinion by Landis, P. J., the facts were as follows: Defendant, Clayton Lefever, was convicted in the Court of Quarter Sessions of Lancaster County of the offense of fornication and bastardy, whereupon he was sentenced by the court to pay a fine of $10, pay costs of prosecution, pay to prosecutrix $25 lying-in expenses, $12 for the support of the child to date of sentence, and $1 a week thereafter until the child reached the age of seven years, and to give bond in the sum of $300 for his compliance with this order. Defendant failed to comply with the order and in default was committed to the Lancaster County Prison for a period of three months, being discharged from custody on December 12, 1916. On January 19, 1918, a certified copy of the record was filed in the court of common pleas and judgment thereon was entered to November term, 1917, no. 170, for $389, payable in instalments, and on January 25, 1918, an attachment ad lev. deb. was issued to February term, 1918, no. 32, in which Clayton Lefever was named as defendant and the estate of Benjamin E. Lefever, Ella V. Lefever, administratrix, was named as garnishee. On January 9, 1923, a sci. fa. was issued to revive the original judgment. Thereupon defendant contended that the judgment was of no force and effect because he was punished for the offense for which he was indicted, and that his discharge from custody freed him from the obligations imposed upon him by the sentence. In following decisions of the Pennsylvania Superior Court, the late learned President Judge of this court said that where an order of the quarter sessions court to pay a specific sum of money has been certified to the court of common pleas, and indexed therein as provided by the proper acts of assembly: see Act of May 8, 1901, P. L. 143; Act of June 7, 1907, P. L. 429, sec. 1; such order has all the force of a judgment recovered in the court of common pleas, and an attachment execution may issue upon and against defendant's distributive share of the estate of a decedent.

It is to be borne in mind in considering this case of Commonwealth, to use, v. Lefever, supra, that the entry of judgment in the court of common pleas on certificate from the clerk of quarter sessions is specifically provided for by act of assembly. Furthermore plaintiff in this case was prosecutrix, the immediate beneficiary named in the order of the court of quarter sessions, and she was proceeding strictly in accordance with the statutory provisions permitting a prosecutrix to proceed as she did.

In the case of West Penn Hospital et al. v. Swany et al., 82 Pitts. 86, Soffel, J., decided that alimony due from a husband to a wife after a divorce a mensa et thoro, in which proceeding the amount of alimony was ordered, can not be attached at the suit of a wife's creditors. In concluding the opinion, Judge Soffel said:

"As to the debts contracted after the award of alimony and which are in certain jurisdictions permitted to be collected from alimony, it would seem that only debts for necessaries should be permitted to be collected out of alimony. In the instant case the debts sued upon in the two suits here considered were for goods purchased and services rendered prior to the date of the award of alimony. Therefore credit could not have been given on the basis of the award of alimony. These debts must therefore be construed as antecedent, rather than subsequent debts. There is no doubt that the services of the hospital would be considered as necessaries and perhaps, considering the station in life of the defendant, the purchase of gasoline might be considered a necessity.

"In the instant case the court is of the opinion that alimony in the hands of the husband and due the wife cannot be attached, particularly where the debts were antecedent to the award of alimony."

1 R. C. L. 869, sec. 8, says: "Accordingly at no time and under no circumstances can alimony be lawfully subjected to the payment of a pre-existing debt." There is an extensive discussion of this question in the case of

Malone v. Moore et al., 55 A. L. R. 356, and especially in the annotations beginning at page 361. It is also said:

"A decree for alimony, therefore, is not due and payable either as damages or as a penalty; nor is it a debt in the strict legal sense of that term, but rather a judgment calling for the performance of a duty made specific by the decree of a court of competent jurisdiction": 1 R. C. L. 866, sec. 4.

However, the order for the support of the wife under which the present proceeding has originated was not an order for the payment of alimony, but was an order entered in a quasi-criminal proceeding for desertion in the court of quarter sessions. The Act of February 27, 1867, P. L. 271, is a local act applicable to the Counties of Lancaster, Crawford, Erie, York, Delaware, and Potter, and provides for the beginning of desertion proceedings, the entries of orders for support, etc., and states in sec. 3: ". . . all proceedings shall be in the name of the commonwealth". Reduced to its final analysis, the present case seems to be an attempt on the part of the creditor of a wife to attach money due to the wife under an order in the court of quarter sessions, in which proceeding the Commonwealth of Pennsylvania was a party. The order of support is entered primarily to keep the wife from becoming a charge on the County of Lancaster. Complainant in a desertion proceeding really is the Commonwealth of Pennsylvania. The amount of money due under the order is an obligation to the wife as a ward of the Commonwealth. The amount of such an order should not be attachable for the debts of the wife where, as here, the debt was incurred prior to the entry of the order. To permit the attachment of monies due under the orders entered in the quarter sessions court would defeat the very purpose of the proceeding, which, we repeat, is to prevent the wife, as a ward of the State, from becoming a charge upon the Commonwealth.

The court therefore rules that the attachment execution against the defendant Burton Brenner is no reason for

his failure to pay the order of support to his wife. An incident of this conclusion is that the attaching creditor cannot hold the said Burton Brenner liable for the amount of the support order which Brenner was ordered to pay to his wife.